103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nahar Hamdan AL-HAMDAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-3548.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 INS, No. Ayl-woa-yas.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 5
 Nahar Hamdan Al-Hamdan, a citizen of Jordan, petitions pro se for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from a decision of an Immigration Judge (IJ) denying his application for asylum or withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) or 1253(h). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Al-Hamdan entered the United States in 1988 under a student visa. However, he failed to maintain student status and became deportable by virtue of overstaying his visa. He conceded deportability but requested relief in the form of asylum or withholding of deportation. A hearing was held before an IJ, at which Al-Hamdan testified that he had been imprisoned for three months by the Jordanian Secret Police due to his membership, while a college student in Iraq, in the Jordanian Student Union, a group which advocates democratic reform in Jordan. He alleged that relatives had helped him escape imprisonment and flee to the United States. He also testified that he has continued to espouse pro-democracy views while in this country, such as by writing letters to the editor, which would expose him to persecution if he returns to Jordan. The IJ found Al-Hamdan's allegations of persecution incredible and denied relief, but allowed him to voluntarily depart the country in lieu of deportation, pursuant to 8 U.S.C. § 1254(e). Al-Hamdan's appeal to the BIA was dismissed, and this timely petition for review followed.
 
 
 7
 Upon review, we conclude that the BIA's finding that Al-Hamdan has not established eligibility for asylum is supported by substantial evidence. See Ivezaj v. INS, 84 F.3d 215, 221 (6th Cir.1996). In order to establish his eligibility for asylum, Al-Hamdan was required to show that he suffered persecution or had a well-founded fear of persecution based on his political opinion. See Klawitter v. INS, 970 F.2d 149, 151 (6th Cir.1992). The BIA found that Al-Hamdan had not met this standard because his testimony was not credible. A finding of lack of credibility is due substantial deference if supported by specific, cogent reasons. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). Here, the BIA relied on the fact that Al-Hamdan presented no evidence to corroborate his story of imprisonment and escape, such as statements by the relatives in both Jordan and the United States whom he testified assisted him. Moreover, the BIA found that Al-Hamdan's allegation that the Jordanian Secret Police would be aware of his political activities in this country was unsupported. In order for this court to grant relief, the evidence of persecution presented must be so compelling that no reasonable finder of fact could fail to find that Al-Hamdan was eligible for asylum. See Klawitter, 970 F.2d at 152. The record in this case does not meet this standard.
 
 
 8
 Because Al-Hamdan did not establish that he is eligible for asylum, he necessarily failed to meet the more stringent standards of eligibility for withholding of deportation. See Gumbol v. INS, 815 F.2d 406, 411 (6th Cir.1987).
 
 
 9
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation